

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT CURTIS JACKSON, | § | |
| | § | |
| *Plaintiff*, | § | CIVIL ACTION NO. 9:17-CV-00133-KFG |
| | § | |
| v. | § | |
| | § | |
| CZARINA BRIONES, IN HOME | § | |
| ATTENDANT SERVICES LTD., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER ON MOTION FOR SUMMARY JUDGMENT**

Pursuant to the consent of the parties, order of the District Court, and 28 U.S.C. § 636(c), this matter was reassigned to the undersigned Unites States Magistrate Judge for all matters, including trial and entry of judgement. See Order (doc. #25). Pending before the Court for purposes of this order is the defendants' Motion for Summary Judgment (doc. #28).

**I. Background**

A. Plaintiff's Claims

This case arises out of the plaintiff's allegation that Rhea Bryant wrongfully disclosed the plaintiff's confidential medical information to a third party. Bryant[1] is as an employee of

---
[1] The plaintiff initially named Bryant as a defendant, but he subsequently sought voluntary dismissal of her from the suit and the Court granted that request. *See Order of Partial Dismissal* (doc. # 13)

defendant In-Home Attendant Services, Ltd. ("In-Home"). On July 17, 2017, the plaintiff Robert Jackson ("plaintiff" or "Jackson") filed suit against the defendants, Bryant, Czarina Briones ("Briones") and In-Home (collectively "defendants"). *See Original Complaint* (doc. #1).

Jackson's claim arises out of the home medical care that he purportedly received from Bryant, the employee of Defendant In-Home. *Id*. at 4. Plaintiff claims that Bryant, while in his home, made a doctor's appointment on his behalf over the phone. Plaintiff contends that as part of this process, Bryant relayed sensitive information about his condition of Hepatitis C. *Id*. Plaintiff alleges that a third party overheard this information and then shared the information with plaintiff's fiancée, Tracy Samuel. *Id*. Plaintiff claims that this disclosure ultimately led to the termination of the relationship between the plaintiff and Ms. Samuel. *Id*.

Based on the foregoing facts, Jackson asserts a cause of action for violation of The Privacy Act of 1974, found at 5 U.S.C.S. § 552a *et seq*. (LexisNexis 2018). Plaintiff seeks relief in the form of $500,000.00 in restitution damages and $250,000.00 in mental anguish and mental torment damages which he allegedly suffered as a result of the termination of the relationship with his fiancée. *Id.* at p. 5.

B. Motion for Summary Judgment and Plaintiff's Response

On February 15, 2018, defendants In-Home and Briones filed their motion for summary judgment (doc. #28). Defendants argue that they are entitled to summary judgment on the plaintiff's Privacy Act claim because there is no genuine dispute of material facts. *See Motion for Summary Judgment*, at p. 2. The motion specifically argues that the Privacy Act of 1974 applies only to federal agencies. *Id*. Defendants contends that the plaintiff must prove that they are federal entities. *Id*. The motion further avers that because the plaintiff cannot raise a material fact dispute

on whether either defendant is a federal entity, Defendants are entitled to a summary judgment as a matter of law. *Id*.

Plaintiff has not responded to the motion, but he did submit a handwritten two-page document which the Clerk construed as a motion for evidentiary hearing (doc. #31). The plaintiff does not attach any summary judgment evidence to this motion. The motion simply states that the witnesses he seeks to call will testify about circumstances surrounding the alleged breach of the Privacy Act as well about the alleged factual inaccuracies involved in the breach. *Id.* Although he generally states that witnesses will testify, he fails to submit their sworn testimony or any other evidence in response to the defendants' motion for summary judgment.

## II. Discussion

### A. Summary Judgment Standard of Review

Summary judgment should be granted only if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This rule places the initial burden on the moving party to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986)(quoting Rule 56); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir. 1996)(citations omitted). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986). A fact is material when it is relevant or necessary to the ultimate conclusion of the case. *Anderson,* 477 U.S. at 248. The movant's burden is only to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.); *cert. denied*, 506 U.S. 832, 113 S. Ct. 98, 121 L. Ed.2d 59 (1992).

Once the moving party has carried its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party bears the burden of coming forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, "the evidence of the non- movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986). However, the non-movant may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial. *Webb v. Cardiothoracic Surgery Assocs. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)(citation omitted).

When a moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence supporting the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary

judgment. *Id.*; *see also Skotak*., 953 F.2d at 915-16 & n. 7; FED. R. CIV. P. 56(c)(3)("the court need consider only the cited materials"). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

B. Application

The Privacy Act of 1974 requires that no agency shall disclose records contained within its systems to any person or agency without the express consent of the individual that the record pertains to, other than in the case of twelve exceptions, none of which are relevant here. *See* 5 U.S.C.S. § 552a(b) (LexisNexis 2018). An agency is defined here as "each authority of the Government of the United States, whether or not it is within subject to review by another agency." 5 U.S.C.S. § 551 (LexisNexis 2018). Section 551 separates a number of federal government entities and functions from this definition of "agency" for purposes of the Privacy Act, but none of those exceptions apply to the defendants here.

Plaintiff claims that Bryant's unintentional disclosure of his medical information to a third party amounts to a breach of The Privacy Act. *See Original Complaint*, at 4. Defendants argue that plaintiff cannot assert a violation under The Privacy Act because neither Briones nor defendant In-Home are a government agency as defined by The Act. *See Motion for Summary Judgment*, at p. 2. The defendants attach evidence establishing that (1) In-Home is a limited partnership certified and located in the State of Texas, and (2) Ms. Briones is an individual residing in Harris County, Texas. *See* doc. #s 28-1 and 28-2. It is well-established that the protections of The Privacy Act only apply to breaches by federal agencies. *See Dean v. City of New Orleans*, Civil Action No. 11-2209, 2012 U.S. Dist. LEXIS 91099, 2012 WL 2564954, at *14 (E.D. La. July 2, 2012); *Ricks v. Murphy*, 2010 U.S. Dist. LEXIS 54255, at *5 (W.D.Tex.2010). The defendants establish in

5

their motion that, based on Plaintiff's allegations as pled, the defendants do not meet the definition of "agency" under The Privacy Act of 1974. Plaintiff has not responded with competent summary judgment evidence indicating that the defendants are in fact government agencies subject to suit under The Privacy Act of 1974. Defendants correctly argue that an alleged Privacy Act violation can only be raised against government agencies. To allege a violation of the Privacy Act Plaintiff must allege facts indicating that a *federal* agency willfully or intentionally disclosed a "record" within a "system of records," and that the record's disclosure adversely affected him. *See Ricks*, at *4 (citing *Pierce v. Dep't of United States Air Force*, 512 F.3d 184, 187–88 (5th Cir.2007) (construing 5 U.S.C. § 552a(g))(emphasis in original). Because the plaintiff cannot establish that either of the defendants are a federal government agency, no genuine issue of material fact exists on his claims against them under The Privacy Act. Plaintiff's claims accordingly fail as a matter of law and the defendants are entitled to summary judgment in their favor.

**III. Conclusion and Order of the Court**

Based on the findings of fact and legal conclusions stated herein, the Court concludes that the defendant has established that no genuine issue of material fact exists on an essential element of the cause of action asserted by the plaintiff. Accordingly, the Court **ORDERS** that the defendants' Motion for Summary Judgment (doc. #28) is **GRANTED.**[2] The plaintiff's claims are dismissed in their entirety and the Court will enter final judgment by separate order. The Court further **ORDERS** that the plaintiff's pending Motion for Evidentiary Hearing (doc. #31) is

---

[2] Just last week, on July 2, 2018, the defendants filed a new motion for summary judgment (doc. #32) in which they argue that the plaintiffs' Privacy Act claims should also be dismissed because there is no employment relationship between defendants and Ms. Bryant, the attendant whose actions make the basis of the plaintiff's claims. The Court had already fully analyzed the first motion for summary judgment upon receipt of this recent motion. The undersigned makes no finding on the merits of the defendants' latest motion for summary judgment and finds it unnecessary to consider this new argument given that the Court has already determined that the plaintiff is legally precluded from bringing a Privacy Act claim against the defendants as discussed herein. For these reasons, the Court will terminate the most recent motion for summary judgment as moot, without any finding on the merits.

**DENIED** as **MOOT**, given that it does not alter the Court's findings on summary judgment. The Court also **ORDERS** that the most recent amended motion for summary judgment (doc. #32) is **TERMINATED** as **MOOT**, without any finding on the merits and without prejudice to reassert the arguments presented therein.

It is so ordered.

**SIGNED this the 9th day of July, 2018.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE